IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOADIAH ELAM BRATTON-BEY

v.  :  Civil Action No. DKC 13-1964

JASON STRAUGHAN, et al.

**MEMORANDUM OPINION**

Presently pending and ready for review in this civil rights case are four motions. First, Defendants Jason Straughan and Casey Diaz filed a motion to dismiss or, in the alternative, summary judgment. (ECF No. 14). Second, Plaintiff Moadiah Elam Bratton-Bey filed a motion to proceed on his state tort and state constitutional claims for good cause. (ECF No. 17). Finally, Defendants filed a motion to strike Plaintiff's surreply (ECF No. 20), and Plaintiff subsequently moved for leave to file his already submitted surreply (ECF No. 21). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion to file a surreply will be granted and Defendants' motion to strike will be denied. Defendants' motion to dismiss will be granted and Plaintiff's motion to proceed will be denied as moot.

## I. Background

The following facts are either set forth in the complaint, evidenced by documents referenced or relied upon in the complaint, or are matters of public record of which the court may take judicial notice.[1]

This case centers around a traffic stop. Defendants are Montgomery County police officers. On June 23, 2009, Defendants were working in plain clothes at a shopping center in Silver Spring, Maryland. Defendants observed Plaintiff enter the supermarket within the shopping center, take a shopping cart, and walk into the store. Plaintiff was in the supermarket for approximately five minutes and left without any shopping bags. Plaintiff returned to his car and sat in it for approximately fifteen minutes, then changed his hat, and again walked into the supermarket. The officers stated that they observed Plaintiff peruse the gift card selection for several minutes and then take a shopping cart through several aisles but never purchased anything. Officer Diaz observed that Plaintiff was carrying his wallet in his hand on top of which was some sort of identification. The identification appeared to be a Pennsylvania driver's license because it had a photograph on it

---

[1] "[A] federal court may consider matters of public record such as documents from prior . . . court proceedings in conjunction with a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

and was in a blue, white, and yellow color scheme.  Plaintiff returned to his car and left the shopping center.

Officer Straughan testified that he had not observed Plaintiff commit a crime to that point.  Officer Straughan asked Officer Diaz – who was following Plaintiff - to observe for any traffic violations and if any presented themselves, to stop the vehicle.  Officer Straughan instructed Officer Diaz in this manner "because we hadn't witnessed any crimes, but based on his activity, I believed that he may be involved in some sort of criminal activity, whether it be shoplifting or credit card theft."  (ECF No. 2-5, at 5-6).  Officer Straughan testified that he wanted a traffic violation in addition to their prior observations to justify the stop: "We always use traffic to back up our observations, because it's obviously up to the interpretation of the [c]ourt."  (*Id.* at 6).  Officer Diaz observed Plaintiff driving without wearing a seatbelt, a violation of Maryland's driving laws.  Plaintiff contends that he was in fact wearing his seatbelt.  Because of his observations, Officer Diaz performed a traffic stop.  Plaintiff provided his proper name but admitted that he did not have his driver's license on him.  Consequently, Officer Diaz asked Plaintiff to exit the vehicle and began questioning him about his activities at the supermarket.  Plaintiff stated that he was looking for a phone card but could not find one.  He could not

answer why he went into the supermarket a second time. Officer Diaz asked Plaintiff for consent to search his vehicle. Plaintiff responded "no." (*Id.* at 14). Plaintiff provided his proper name when asked, which revealed that he was in possession of a valid Maryland driver's license. Before learning that Plaintiff had a valid license, Officer Straughan observed the Pennsylvania driver's license seen earlier in plain view on the car's center console. Officer Straughan reached into Plaintiff's car and took the driver license. This license had Plaintiff's photo but the name was "Malik Jones." Officer Straughan ran a check of the license and discovered it was registered to a completely different individual. Plaintiff was then placed under arrest. Pursuant to a search incident to arrest, the police recovered four Discover credit cards that were not in Plaintiff's name. On June 24, 2009, Plaintiff was charged by complaint with four counts of possessing counterfeit credit cards, five counts of fraudulent assumption of another's identity, and one count of displaying a fictitious or fraudulently altered government identification document. After posting bail, he was released from custody the same day. (ECF No. 14-3, at 2-3). Later, on August 24, 2009, an Information was filed in District Court and, on September 3, 2009, the case was transferred to Circuit Court.

After the case proceeded to Circuit Court, Plaintiff moved to suppress all evidence collected from the traffic stop, arguing that the driver's license was illegally seized from the center console. The Circuit Court for Maryland for Montgomery County held a hearing on January 6, 2010 and denied Plaintiff's motion, holding that Defendants lawfully seized the license under the doctrine of plain view, and following the lawful seizure, Defendants had probable cause to arrest appellant. On November 9, 2010, Plaintiff was found guilty of one count of possession of a falsely made credit card.

Plaintiff appealed to the Maryland Court of Special Appeals, contending that the trial court erred in denying Plaintiff's motion to suppress. By an unreported opinion filed February 23, 2012, the Court of Special Appeals found for Plaintiff, reversing the trial court. The court found that two of the three conditions that must be present for the plain view doctrine to apply were absent: the incriminating nature of the driver's license was not "immediately apparent," and Officer Straughan had no lawful right of access to the driver's license. As to the first absent condition, the court found that the officers observed Plaintiff acting suspiciously in the supermarket, a suspicion which was not dispelled upon questioning. "Nonetheless, even after speaking to him, the officers had no more than a suspicion that appellant was engaged

in criminal activity. The incriminating nature of the driver's license was not 'immediately apparent' until after Officer Straughan seized the license from the car and saw the discrepancy between the picture and the name on the license." (ECF No. 14-2, at 11). As to the second absent condition, the state argued that because the officers *could* have arrested Plaintiff for the combination of violating a traffic law along with failure to furnish satisfactory evidence of identity, Md. Code Ann., Transp. § 26-202(a)(2), the subsequent seizure of the license was a valid search incident to arrest. The court rejected this argument, writing that "[t]o hold otherwise would gut the protections afforded by the Fourth Amendment." (*Id.* at 12). The court denied the state's motion to reconsider on May 8, 2012. Plaintiff filed a claim against Montgomery County, which was acknowledged as received on June 27, 2012. As a result of the Court of Special Appeals' ruling, the state entered a *nolle pros* as to all counts on December 3, 2012.

On April 8, 2013, Plaintiff, proceeding *pro se*, filed a complaint in the Circuit Court for Montgomery County. The complaint brings multiple claims against Officers Diaz and Straughan alleging violations of numerous provisions of the United States Constitution, Maryland Declaration of Rights, and state tort law stemming from the alleged false arrest, false imprisonment, and malicious prosecution. (ECF No. 2). Officer

Straughan was served on June 6, 2013, and Officer Diaz was served on June 12, 2013. (ECF No. 1). Defendants filed a notice of removal in this court on July 8, 2013, with jurisdiction based on federal question, 28 U.S.C. § 1331. (ECF No. 1). On July 15, 2013, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 14). In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of court mailed a letter to Plaintiff on the same day, notifying him that a dispositive motion had been filed and that he was entitled to file opposition material or risk entry of judgment against him. (ECF No. 15). Plaintiff opposed Defendants' motion on August 2, 2013 (ECF No. 16), to which Defendants replied on August 8, 2013 (ECF No. 18). Plaintiff filed a surreply on September 9, 2013. (ECF No. 19). Defendants moved to strike this surreply on September 11, 2013. (ECF No. 20). Plaintiff opposed Defendants' motion and moved for leave to file a surreply on October 7, 2013 (ECF No. 21), and Defendants replied the next day (ECF No. 22).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

### A.   Plaintiff's Surreply

Plaintiff filed a sixteen page surreply on September 9, 2013 (ECF No. 19), which Defendants then moved to strike (ECF No. 20).[2]  "Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." Local Rule 105.2(a). Although a district court has discretion to allow a surreply, surreplies are generally disfavored. *Chubb & Son v. C.C. Complete Servs., LLC,* 919 F.Supp.2d 666, 679 (D.Md. 2013). A surreply may be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve,* 268 F.Supp.2d 600, 605 (D.Md. 2003) (citation omitted). By contrast, "[a] motion for leave to file a surreply may be denied when the matter addressed in the reply is not new." *Marshall v. Capital View Mut. Homes,* No. RWT–12–3109, 2013 WL 3353752, at *3 (D.Md. July 2, 2013) (citation omitted).

Defendants' motion will be denied and Plaintiff's motion will be granted.  In light of Plaintiff's *pro se* status and the fact that Defendant's reply raised additional case law regarding the relation back doctrine and his retaliation prosecution claim.  Plaintiff's surreply will remain part of the record and

---

[2] Plaintiff subsequently filed a motion for leave to file a surreply.  (ECF No. 21).

has been considered in connection with the other pending motions.

**B.    Motion to Dismiss: Timeliness of Plaintiff's Claims**

Turning to Defendants' motion to dismiss, their first argument is that Plaintiff's claims alleging violations of the First, Fourth, and Fifth Amendments to the United States Constitution, Articles 17, 24, 26 and 40 of the Maryland Declaration of Rights, and state tort law in the form of the alleged false seizure, arrest, and imprisonment is barred by the statute of limitations.[3]

The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Rule 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Metts*, 203 F.Supp.2d 426, 428 (D.Md. 2002). However, dismissal is proper "when the face of the complaint clearly reveals the

_____

[3] Articles 24, 26 and 40 are "co-extensive" with the Due Process Clause, Fourth Amendment, and First Amendment, respectively, and are construed *in pari materia* with those federal protections. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 468 n.3 (4th Cir. 2012) (Article 40); *Richardson v. McGriff*, 361 Md. 437, 452-53 (1999) (Article 26); *Doe v. Dep't of Pub. Safety and Corr. Servs.*, 185 Md.App. 625, 636 (2009) (Article 24). Article 17 generally has the same meaning as the *Ex Post Facto* clause in the federal Constitution, but the Maryland Court of Appeals has read Article 17 to be broader in certain contexts. *Doe v. Dep't of Pub. Safety and Corr. Servs.*, 430 Md. 535, 548-49 (2013).

Defendants do not contend that Plaintiff's claim of malicious prosecution is untimely.

existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996); *see* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 714 (3d ed. 2004) ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983, but the statute of limitations is identical. When enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. *See id.* at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-656 (1983); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive polices of enforcement embodied in the state cause of action." *Wilson v. Garcia*, 471 U.S. 261, 271 (1985). Maryland's general three-year statute of limitations for civil

11

actions is most applicable to the case at bar for all of Plaintiff's claims. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Federal law, however, governs the question of when a cause of action accrues under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under the general rubric, the running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* A claim of unlawful seizure accrues on the date of the alleged incident. *See Gray v. State of Maryland*, 228 F.Supp.2d 628, 635 (D.Md. 2002). A claim for false arrest accrues on the date of initial appearance before a neutral magistrate. *See Wallace*, 549 U.S. at 387. A claim for false imprisonment accrues once the victim is bound over by a magistrate or arraigned on charges. *Id.* at 389. Maryland treats each of these causes of action in the same manner. *See, e.g., Prince George's Cnty. v. Longtin*, 419 Md. 450, 476 (2011). Therefore, all claims are operating on the same calendar: claims stemming from the alleged illegal seizure accrued on June 23, 2009, when Plaintiff's driver's license was seized from his vehicle by Defendants; claims stemming from the alleged false arrest and false imprisonment accrued on June 24, 2009, the day Plaintiff was arraigned in state court. The Complaint, however, was not filed until April 8, 2013, more than three years after the date these causes of action accrued.

Plaintiff argues that these claims are timely because they relate back to his "original pleading." Plaintiff contends that he filed his original pleading in the Montgomery County Circuit Court on January 5, 2012. (ECF No. 16-1). In that complaint, he does not name Officers Diaz and Straughan as defendants, but their names appear in the body of the complaint which describes the alleged wrongful activity at issue in the instant case along with additional allegations against his criminal defense attorney and the judge who presided over the suppression hearing. This complaint was dismissed on February 13, 2012 with no judgment on the merits, findings of fact, or conclusions of law. Plaintiff contends that the instant complaint – filed on April 8, 2013 – is an amended complaint and all claims relate back to his original, complaint which was filed timely on January 5, 2012.

This argument will be rejected. Plaintiff is attempting to utilize the relation back doctrine embodied in Rule 15(c). If an amendment satisfies the requirements of Rule 15(c), the amended pleading "relates back" to the original pleading for statute of limitations purposes. The plain language of Rule 15, however, speaks of an "amendment to a pleading," not an entirely separate cause of action. "The relation back doctrine has application only in instances where an original pleading is amended. . . . The amendment does not, however, relate back to

any prior proceedings which are not part of the action in question." *Rayo v. State of New York*, 882 F.Supp. 37, 40 (N.D.N.Y. 1995); *Angles v. Dollar Tree Stores, Inc.*, 494 F.App'x 326, 330 n.8 (4th Cir. 2012) ("In cases involving the relation back of an amended complaint to an 'original pleading,' under Rule 15(c), courts have held that a complaint in one case may not relate back to a complaint in another case to avoid the statute of limitations." (*citing Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989); *Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990))); *Carter v. Tex. Dep't of Health*, 119 F.App'x 577, 581 (5th Cir. 2004) (upholding district court's holding that an "original pleading" within the meaning of Rule 15(c) cannot be a pleading filed in a different case); *Jones v. Morton*, 195 F.3d 153, 160-61 (3[d] Cir. 1999) (denying habeas petitioner's relation back argument, reasoning that "typically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed," and a subsequent action "cannot be considered an amendment . . . but must be considered a new action."); *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) ("a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim."); *Smith v. Husband*, 376 F.Supp.2d 603, 614 (E.D.Va. 2005) ("[Rule 15(c)] does not contemplate a relation

back to a prior dismissed case.  Although Plaintiff's cause of action is the same, and the defendant is the same and was aware of the allegations against him, the situation is different from that of an amended complaint relating back to the original complaint in the same action.  Plaintiff has cited no law, nor can the Court find any precedent for relating a subsequent complaint back to a prior complaint in a separate, though related, action that was dismissed because of the plaintiff's error."); *Lucchesi v. Experian Info. Solutions, Inc.*, 226 F.R.D. 172, 174-75 (S.D.N.Y. 2005) ("The Federal Rules of Civil Procedure contemplates the relation back of pleadings only in the context of a single proceeding."); 6A Charles Alan Wright, et al., Federal Practice & Procedure § 1496 n.2 (3$^d$ ed. 2010).  All of the cases Plaintiff cites concern situations where a party sought to amend a pending complaint.  *See, e.g., W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).  Plaintiff has failed to offer any reason to justify tolling the applicable three-year statute of limitations.  *See Lekas v. United Airlines, Inc.*, 282 F.3d 296, 301 (4th Cir. 2002) ("Equitable tolling applies where a defendant, by active deception, conceals a cause of action."); *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333 (1994) (holding that Maryland does not allow implied or equitable exceptions to the statute of limitations, absent legislative exception).  Consequently,

Plaintiff's January 5, 2012 state court complaint cannot be used as an "anchor" upon which many of the claims in his present complaint – filed outside the limitations period – can latch upon to situate themselves within the statute of limitations. This bars his federal and state constitutional claims, and state common law claims arising out of the alleged illegal seizure, false arrest, and false imprisonment – whether against Officers Diaz and Straughan or Montgomery County.[4]

### C. Malicious Prosecution

The only timely cause of action remaining is for malicious prosecution.[5] Giving the complaint a liberal reading, Plaintiff appears to be bringing a claim under Maryland common law and the Fourth Amendment seeking damages through § 1983.[6] To prevail

---

[4] Because all of Plaintiff's claims arising out of the alleged illegal seizure, false arrest, and false imprisonment are barred by Maryland's general three-year statute of limitations, it is unnecessary to consider whether his claims are sufficiently pled and whether – in regards to those claims sounding in state law – he provided the notice to Montgomery County required by the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 5-304. Therefore, Plaintiff's motion to proceed on his state tort and state constitutional claims for good cause (ECF No. 17) will be denied as moot.

[5] Defendants do not dispute that Plaintiff's malicious prosecution claim is timely. A malicious prosecution cause of action accrues when the case terminates in plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994); *Heron v. Strader*, 361 Md. 258, 260-62 (2000). The state entered a *nolle pros* on December 3, 2012. Plaintiff's complaint was filed April 8, 2013, well within the three-year statute of limitations.

under either claim, Plaintiff must demonstrate a malicious prosecution under Maryland law. *Asuncion v. City of Gaithersburg, Md.*, 73 F.3d 356, 1996 WL 1842, at *2 (4th Cir. 1996) (unpublished table decision) (applying Maryland law to malicious prosecution claim raised under § 1983 (*citing Goodwin v. Metts*, 885 F.2d 157, 160 n.1 (4th Cir. 1989))). The elements of a claim for malicious prosecution under Maryland law are "(1) a criminal proceeding instituted or continued by the defendant against the plaintiff; (2) without probable cause; (3) with malice, or with a motive other than to bring the offender to justice; and (4) termination of the proceedings in favor of the plaintiff." *Heron*, 361 Md. at 264. Defendants contend that Plaintiff cannot satisfy the second and fourth elements and has not sufficiently pled the third element.[7] Specifically, Defendants point to Plaintiff's conviction in Montgomery County

---

[6] The United States Court of Appeals for the Fourth Circuit has held that "there is no such thing as a '§ 1983 malicious prosecution' claim." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000). It is properly understood as a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution – specifically, the requirement that the prior proceeding terminate favorably to the plaintiff. *Id.* (*citing Brooks*, 85 F.3d at 183).

[7] Although at least one of the officers filed a statement of charges on the early morning of Plaintiff's arrest, he was released immediately after posting bail. The later charging document was filed by the State's Attorney, and not by either of the Defendants. Defendants, for present purposes, do not challenge the first element.

Circuit Court as establishing the existence of probable cause, despite the fact that that conviction was later reversed by the Court of Special Appeals, which held that the officers' seizure of Plaintiff's driver's license was not supported by probable cause or the plain view doctrine.

"The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means." *Zablonsky v. Perkins,* 230 Md. 365, 368-69 (1963) (*quoting* Restatement (First) of Torts § 667 (1938)); *see also Quecedo v. DeVries,* 22 Md.App. 58, 70 (1974) (conviction on criminal charge is conclusive determination of the existence of probable cause); *Asuncion*, 1996 WL 1842, at *2 (acknowledging these principles of Maryland law). Plaintiff was convicted and makes no allegation that that conviction was obtained by fraud, perjury or other corrupt means. He argues instead that the Restatement principles relied upon by the Court of Appeals in *Zablonsky* are no longer good law, having been overruled by the Supreme Court of the United States in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff mischaracterizes *Heck*, which concerned when a Section 1983 plaintiff could bring a claim for damages for allegedly unconstitutional conviction or imprisonment. Concerned with situations where a civil tort action is used as a

vehicle to challenge the validity of an outstanding criminal judgment, the Court held that in order to proceed on a Section 1983 claim, the plaintiff must prove that the conviction:

> has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction . . . that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 487 (emphasis in original). *Heck* concerned when Section 1983 claims were cognizable, and it merely used the common law tort of malicious prosecution as an analogy; it did not alter the substantive elements a plaintiff needs to demonstrate to succeed on a malicious prosecution claim, whether brought under state law or the Fourth Amendment via Section 1983. Plaintiff points to Justice Souter's concurrence in *Heck*, where, according to Plaintiff, he discusses the Restatement rule and notes that the Court disclaims the "untenable" position that a conviction "wipes out a person's § 1983 claim for damages for unconstitutional conviction or post-conviction confinement." (ECF No. 16, at 7 (*quoting Heck*, 512 U.S. at 496 (Souter, J., concurring))). This was, of course, a concurring, and not the majority opinion. Moreover, Plaintiff's argument mischaracterizes the thrust of a criminal conviction in terms of the probable cause element. A conviction does not "wipe out" an

action for damages under § 1983, but instead *presumes* probable cause existed for the prosecution, a presumption that can be rebutted by evidence that the conviction was obtained through fraud, perjury, or other corrupt means. The fact of a conviction creates a rebuttable presumption, not conclusive proof of probable cause. While the United States Court of Appeals for the Third Circuit came to the contrary conclusion, holding that a conviction that has been subsequently overturned does not raise a presumption of probable cause in a Section 1983 action, *Montgomery v. De Simone, PTL*, 159 F.3d 120, 125 (3$^d$ Cir. 1998), numerous courts in this district have applied Maryland's common law to these situations, as had the one Fourth Circuit decision to consider the issue. *See Catlett v. Cnty. of Worcester*, Civ. Action No. PJM-11-162, 2011 WL 6002044, at *3 (Nov. 29, 2011); *Mowatt v. Chick*, Civ. Action No. DKC-09-3377, 2011 WL 2711167, at *4 (D.Md. July 8, 2011); *Brown-Rice v. Maryland*, Civ. No. CCB-09-219, 2009 WL 1690516, at *1 (D.Md. June 16, 2009); *Asuncion*, 1996 WL 1842, at *2. Plaintiff has not demonstrated a compelling reason to depart from this practice. Accordingly, he fails to plead a claim for malicious prosecution.

**D.    Leave to Amend Complaint to Add Claim of Retaliatory Prosecution**

Finally, in Plaintiff's opposition brief he requests leave to amend his complaint to add the claim of retaliatory prosecution under the First Amendment and/or Article 40 of the Maryland Declaration of Rights.    (ECF No. 16, at 5).    The Federal Rules of Civil Procedure provide that a party may amend his complaint as a matter of course within 21 days of serving it or within 21 days of a responsive pleading or Rule 12(b) motion. Fed.R.Civ.P. 15(a)(1).    Because Plaintiff acted within 21 days of Defendants filing their Rule 12(b)(6) motion, and had not previously amended his complaint in this court, he is free to amend without receiving leave of the court.    Fed.R.Civ.P. 15(a)(1).    Plaintiff's request will be considered an amendment to his complaint to include a claim of retaliatory prosecution.

The First Amendment prohibits government officials from retaliating against an individual, including via criminal prosecutions, for exercising his or her protected right of speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006).    In the Fourth Circuit, a plaintiff seeking to recover on a First Amendment retaliation claim must prove the following elements: (1) he engaged in protected First Amendment activity; (2) the defendants took some action that adversely affected his First Amendment rights; and (3) there was a causal relationship

between his protected activity and the defendants' conduct. *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

This claim is untimely as the claim accrued in June 2009, outside the general three-year statute of limitations. *Mata v. Anderson*, 635 F.3d 1250 (10th Cir. 2011), is very similar. In *Mata*, criminal charges were brought against the plaintiff by the local police chief after plaintiff stood outside the police department holding signs calling the police chief "dirty" and a "liar." *Id.* at 1252. The plaintiff was never arrested; he first learned of the actions against him when he received the criminal complaint. The plaintiff was initially convicted of criminal charges, but that conviction was reversed. Plaintiff brought a retaliatory prosecution claim against the police officer, but the United States Court of Appeals for the Tenth Circuit ruled that the claim was untimely. Drawing on its accrual doctrine in other First Amendment retaliation claims, the court held that plaintiff's retaliatory prosecution claim accrued when he knew or had reason to know of the alleged retaliatory prosecution; thus, when he learned that the criminal complaint had been filed against him. *Id.* at 1253. The Tenth Circuit rejected plaintiff's analogy to malicious prosecution claims, which do not accrue until the alleged malicious prosecution terminates in favor of the plaintiff, observing that

unlike a malicious prosecution claim, a First Amendment retaliatory prosecution claim does not require a favorable termination of the underlying action. *Id.* at 1253; *see also Loumiet v. United States*, --- F.Supp.2d ---, 2013 WL 4852304, at *6 (D.D.C. Sept. 12, 2013) (collecting cases). While the Fourth Circuit has not opined on when a retaliatory prosecution claim accrues, it has held that "[a] civil rights claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (internal quotation marks omitted). Consequently, *Mata*'s distinction between retaliatory prosecution and malicious prosecution and their respective times of accrual is persuasive.

As applied to this case, it is clear that Plaintiff's newly added retaliatory prosecution claim is untimely. Plaintiff claims that he engaged in protected First Amendment activity by answering "no" to Defendants' request that they be allowed to search his car. As a consequence, Defendants took action that adversely affected Plaintiff's Fourth Amendment rights, specifically his right to refuse a request to search his vehicle. This ultimately led to the allegedly illegal seizure, arrest, and subsequent prosecution. Even assuming Plaintiff has pled a claim for retaliation for exercising his First Amendment rights – as opposed to merely repackaging his Fourth Amendment

illegal seizure claim – it is barred by the general three-year statute of limitations, as the injury flowing from the alleged retaliation was his arrest on June 23, 2009.

**IV. Conclusion**

For the foregoing reasons, the court will grant Plaintiff's motion to file a surreply and Defendants' motion to dismiss. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
