IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOADIAH ELAM BRATTON-BEY    :

                :

   v.               :   Civil Action No. DKC 13-1964

                :

JASON STRAUGHAN, et al.

                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is a motion filed by *pro se* Plaintiff Moadiah Elam Bratton-Bey[1] for reconsideration and for leave to submit an amended complaint. (ECF No. 25). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's motion will be denied.

## I. Background[2]

Plaintiff commenced this action in the Circuit Court for Montgomery County on April 8, 2013, against Officers Casey Diaz and Jason Straughan ("Defendants"), claiming numerous violations of the United States Constitution, Maryland Declaration of

---

[1] Plaintiff's first name is spelled Moadian in the state court records, however, he spells it Moadiah in his filings with this court and accordingly, will be addressed as such.

[2] A full factual background describing the dispute between the parties is provided in the undersigned's previous opinion. (ECF No. 23).

Rights, and state tort law stemming from an alleged false arrest, false imprisonment, and malicious prosecution. (ECF No. 2). The case was removed to this court on July 8, 2013. (ECF No. 1). By memorandum opinion and order, the undersigned granted Defendants' motion to dismiss and dismissed Plaintiff's complaint on January 31, 2014, finding his federal and state constitutional claims, and state common law claims to be barred by the statute of limitations. The remaining claim for malicious prosecution was dismissed for failure to state a claim. (ECF No. 23). On February 28, 2014, Plaintiff moved for reconsideration and for leave to file an amended complaint. (ECF No. 25).[3] The motion is fully briefed. (ECF Nos. 26 and 33).

---

[3] Plaintiff submitted the motion to prison officials on February 28, 2014, the motion was mailed by prison officials on March 3, 2014, and was received and docketed by this court on March 6, 2014. Under the "mailbox rule," a *pro se* litigant who is incarcerated is deemed to have filed a pleading or motion with the court upon delivery of the motion to prison officials. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Dep't.*, 947 F.2d 733, 734–35 (4th Cir. 1991) (extending *Lack*, 487 U.S. to 42 U.S.C. § 1983 claims); *United States v. Dorsey*, 988 F.Supp. 917, 919–20 (D.Md. 1998). Accordingly, Plaintiff filed his motion on February 28, 2014 (ECF No. 26), which was exactly 28 days after the undersigned issued judgment on January 31, 2014 (ECF No. 23).

## II. Analysis

### A. Motion to Amend

### 1. Malicious Prosecution Claim

Plaintiff has moved for reconsideration of the dismissal of his malicious prosecution claim, citing Federal Rules of Civil Procedure 59(e) and 60(b). Plaintiff has also moved under Rule 15 for leave to amend his complaint to add facts in support of his claim for malicious prosecution. (ECF No. 25).

In *Katyle v. Penn Nat'l. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011), the United States Court of Appeals for the Fourth Circuit explained that a district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Rule 59(e) or 60(b). *See also Calvary Christian Ctr. v. City of Fredericksburg, Virginia*, 710 F.3d 536, 539 (4th Cir. 2013). The Fourth Circuit further stated that "[t]o determine whether vacatur is warranted, [ ] the court need not concern itself with either of those rules' legal standards[;]" rather:

> [t]he court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a). In other words, a court should evaluate a post judgment motion to amend the complaint "under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." [*Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)]; *accord Matrix Capital Mgmt. Fund, LP*

3

>    *v. Bearingpoint, Inc.,* 576 F.3d 172, 193 (4th
>    Cir. 2009).

*Katyle,* 637 F.3d at 471; *United States v. Shabazz,* 509 F.App'x. 265, 266 (4th Cir. 2013) (same).  Accordingly, a reviewing court must determine that a Plaintiff's motion to amend the complaint should be granted under Rule 15, before considering a motion for reconsideration.  *See Shabazz*, 509 F.App'x. at 266 (holding that the failure of the district court to examine whether the amended complaint would be prejudicial, futile, or in bad faith before examining the motion for reconsideration was an abuse of discretion).  Therefore, Plaintiff's motion to amend the complaint to add allegations in support of his malicious prosecution claim will be considered first.

Rule 15(a) provides that courts "should freely give leave [to amend a pleading] when justice so requires."  The Fourth Circuit has interpreted this rule as requiring courts to grant leave to amend unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Harvey*, 484 F.3d at 426-27 (*citing Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986)).  A proposed amendment is futile if it fails to state a claim under the applicable rules and accompanying standards.  *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)

4

("[A] district court may deny leave if amending the complaint would be futile — that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal citations and quotation marks omitted).

Plaintiff's proposed amendments to his complaint are futile because they fail to cure the defects in his original complaint. In the January 31, 2014 opinion and order, dismissing Plaintiff's complaint, the undersigned found that the facts alleged failed to plead a claim for malicious prosecution. Malicious prosecution claims require a plaintiff to prove: "(1) a criminal proceeding instituted or continued by the defendant against the plaintiff; (2) without probable cause; (3) with malice, or with a motive other than to bring the offender to justice; and (4) termination of the proceedings in favor of the plaintiff." (ECF No. 23, at 17) (*quoting Heron v. Strader*, 361 Md. 258, 264 (2000)). Specifically, the undersigned noted that Plaintiff's claim failed because his conviction in the Montgomery County Circuit Court created a presumption that probable cause existed for his prosecution. The undersigned noted that the presumption of probable cause remains, despite the fact that Plaintiff's conviction was later reversed by the Maryland Court of Special Appeals, unless Plaintiff can demonstrate that the conviction was obtained through fraud, perjury, or other corrupt means, which he failed to do.

*Zablonsky v. Perkins*, 230 Md. 365, 368-69 (1963) (*quoting* Restatement (First) of Torts § 667 (1938)).

Plaintiff contends that he demonstrated fraud, perjury, or other corrupt means in his original complaint by alleging that Defendants, his arresting officers, fabricated his seatbelt violation to initiate a traffic stop. (ECF No. 25, at 10). In addition, Plaintiff moves to amend his complaint to add facts supporting his assertion that Defendants fabricated evidence, which he believes will plead a plausible claim for malicious prosecution because the fabrication establishes fraud, perjury, or corruption undermining the probable cause for his conviction.[4]

---

[4] Plaintiff was initially charged with ten counts, but was convicted of only one count. A *nolle prosequi* was entered on the remaining counts. Plaintiff makes an additional argument that the remaining counts were terminated in his favor, and could sustain a claim for malicious prosecution. He misconstrues the settled law. Plaintiff reached an agreement with the state prosecutor to enter a "not guilty agreed statement of facts" on a single count of possession of a falsely made credit card. (ECF No. 14-2, at 2). It appears that, in exchange for Plaintiff's cooperation, the remaining counts were dropped by the prosecutor. (ECF No. 14-4, at 25-26, 33).

"A termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if [] the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused." Restatement (Second) of Torts § 660(a) (1977). The Fourth Circuit has held that "the plaintiff, by entering into the compromise and securing the dismissal of the criminal action thereby, estops himself from contending that it was instituted without probable cause." *Leonard v. George*, 178 F.2d 312, 314 (4th Cir. 1949). Because Plaintiff voluntarily agreed to be sentenced on one count in exchange for the remaining counts

Defendants argue that Plaintiff's motion is futile because: it fails to allege new facts that were not already in his original complaint and it fails to allege facts supporting fabrication of evidence by Defendants; rather, Plaintiff makes conclusory allegations about Defendants' fabrication.[5]

Plaintiff's new evidence includes a photograph of the rear-end of a vehicle that is the same make and model as the vehicle that Plaintiff was driving on the day of the traffic stop. (ECF No. 33-2, at 1). Plaintiff asserts that the seatbelt is unfastened in the picture, yet "[y]ou can't see the 'buckle'" from the rear of the car, and argues that this picture proves that Defendants could not have possibly seen that his seatbelt was unfastened before pulling him over. Plaintiff also points to testimony at his suppression hearing and another motions hearing, where Defendants testified that they observed Plaintiff driving without his seatbelt. Plaintiff contends that Defendants "fabricated evidence" at these hearings because they

---

being dropped, he cannot now argue that the prosecution lacked probable cause to institute those counts.

[5] Defendants also contend that Defendants' alleged fabrication of evidence, even if true, is not sufficient to plead a claim for malicious prosecution because Plaintiff has not alleged facts showing that Defendants, rather than the prosecutor, proximately caused Plaintiff's prosecution. (ECF No. 26, at 5-8).

7

relied on the allegedly fabricated seatbelt violation.[6]

Although *pro se* litigants are held to less stringent pleading standards than attorneys, the court is not required to "accept as true legal conclusions or unwarranted factual inferences." *Fields v. Montgomery Cnty*, No. 13-3477, 2014 WL 4231164 (D.Md. Aug. 26, 2014) (*quoting Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)).  Even with a liberal reading, Plaintiff's allegations amount to nothing more than unwarranted factual inferences and legal conclusions, unsupported by evidence.  Most of Plaintiff's "new" factual allegations are merely legal conclusions, namely that Defendants "fabricated evidence," that Plaintiff attached to facts that were already present in his original complaint.  (ECF No. 2, at 3-5).

---

[6] At Plaintiff's suppression hearing, the trial judge heard testimony from Defendants and Plaintiff as to the seatbelt violation.  After hearing all evidence, the judge concluded that:

> [I]f I found it wasn't a seatbelt violation, or if I found [Defendants] were lying, then I would grant the motion to suppress and I would probably do something further in terms of calling the chief, but I don't find that. I have no reason, whatsoever, based upon the testimony that I have heard to question the testimony of the police officers.

(ECF No. 33-16, at 14).  While the Maryland Court of Special Appeals reversed the Plaintiff's conviction, it did not disturb the trial court's credibility determination favoring the officers' testimony.  (ECF No. 2-2).

Moreover, Plaintiff's new evidence does not provide a plausible inference that his conviction was obtained through fraud, perjury, or corruption to rebut the presumption that probable cause existed for his prosecution.[7] The rear-view picture of a similar make and model of Plaintiff's vehicle does not create a plausible inference of what Plaintiff suggests — that it was impossible for Defendants to see Plaintiff's seatbelt unfastened, therefore, Defendants must have fabricated his seatbelt violation.[8] Even if Plaintiff's allegation that he

---

[7] Under Maryland law, fraud claims require a plaintiff to show, *inter alia*, that the defendant made a false representation of material fact, with *knowledge* that it was false and with the purpose of deceit. *Martens Chevrolet, Inc. v. Seney*, 292 Md. 328 (1982). Similarly, perjury requires showing that a person "willfully and falsely [made] an oath or affirmation as to a material fact[.]" Md. Code Ann., Crim. Law § 9-101. As noted in *State v. Devers,* 260 Md. 360, 372 (1971), *overruled on other grounds* by *In re Petition for Writ of Prohibition,* 312 Md. 280 (1988): "The offense of perjury consists of swearing falsely and corruptly, without probable cause of belief. To be willful, the false oath must be deliberate and not the result of surprise, confusion or bona fide mistake." The common thread among fraud, perjury, and corruption, is that the actor is affirmatively lying or deceiving someone based on facts known to be untrue. Plaintiff has not supported his allegations with any facts or evidence that Defendants affirmatively lied, as opposed to being merely mistaken, about Plaintiff's seatbelt during the initial traffic stop, or during Plaintiff's subsequent suppression hearing and motions hearing.

[8] For several reasons, Plaintiff's photograph does not provide a credible inference that Defendants lied about what they saw and fabricated Plaintiff's seatbelt violation. First, it is unclear that Defendants viewed Plaintiff's vehicle from the same angle represented in the photograph. If Defendants saw the vehicle from even a slightly different angle it may have provided them a view of Plaintiff's seatbelt. Second, the

9

was wearing his seatbelt were true, Plaintiff has not sufficiently alleged facts suggesting that Defendants *knew* Plaintiff was actually wearing his seatbelt and lied about this fact in order to initiate a spurious traffic stop and to convict Plaintiff at his criminal hearings.  It is just as plausible that Defendants saw Plaintiff's seatbelt unfastened or believed they saw Plaintiff's seatbelt unfastened when in actuality it was fastened.  Accordingly, Plaintiff has failed to overcome the presumption that there was probable cause to proceed with the prosecution, even if that prosecution was later overturned.

Although the previous opinion and the foregoing discussion focus only on Plaintiff's failure to plead the probable cause element of malicious prosecution, Plaintiff's claim is deficient in other aspects.[9]  Accordingly, Plaintiff's proposed amendment

---

photograph is not actually of Plaintiff's vehicle — an unfastened seatbelt in Plaintiff's vehicle may have been visible from this angle.  Third, even if the picture were of Plaintiff's vehicle, his seatbelt and buckle may have been in a different position than that in the photograph on the day in question, such that the photograph is not representative of what Defendants actually saw.

[9] Namely, Plaintiff's complaint does not allege facts supporting that Defendants acted with malice or proximately caused Plaintiff's prosecution.  Although malice can sometimes be inferred from lack of probable cause when instituting proceedings, the Maryland Court of Appeals has also stated that malice "consists of a wrongful or improper motive in initiating legal proceedings against the plaintiff" other than bringing the offender to justice.  *Montgomery Ward v. Wilson,* 339 Md. 701, 717-19 (1995).  Plaintiff has not set forth facts supporting that Defendants acted with an improper purpose or motive.

in support of his malicious prosecution claim is futile as it fails to state a plausible claim.

   2.  **Due Process Claim**

   Plaintiff also moved to amend his complaint to add a claim that Defendants violated his substantive Due Process rights by fabricating evidence that resulted in a deprivation of Plaintiff's liberty.  (ECF No. 25, at 4).  First, as explained by the Fourth Circuit in *Evans v. Chalmers,* 703 F.3d 636, 646, 646 n.2 (4th Cir. 2012), Plaintiff's claim is properly rooted in a § 1983 claim based on an alleged violation of his Fourth Amendment rights, a claim which has already been dismissed; he does not have a separate cause of action under the substantive due process clause:

> The Due Process Clause does not constitute a catch-all provision that provides a remedy whenever a state actor causes harm.  Rather, [w]here a particular Amendment provides an explicit textual sources of constitutional

---

Moreover, as Defendants point out, Plaintiff is required to show that Defendants were the but-for and proximate causation of his malicious prosecution.  *Evans,* 703 F.3d at 647-48.  Generally, "acts of independent decision-makers (*e.g.,* prosecutors, grand juries, and judges) may constitute intervening superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure" in a malicious prosecution case.  *Id.*  Police officers can be held to have caused the seizure and remain liable, if:  "they have lied to or misled the prosecutor[;]" "failed to disclose exculpatory evidence to the prosecutor[;]" "or unduly pressured the prosecutor to seek the indictment[.]"  *Id.* (internal citations and quotation marks omitted).  Plaintiff has not provided facts supporting that Defendants, rather than the prosecutor, were the proximate cause of his prosecution.

11

>       protection against a particular sort of
>       government behavior, that Amendment, not the
>       more generalized notion of substantive due
>       process, must be the guide for analyzing
>       these claims. Because the Fourth Amendment
>       provides an explicit textual source for §
>       1983 malicious prosecution claims, the
>       Fourteenth Amendment provides no alternative
>       basis for those claims.

*Id.* at 646 n.2 (alteration in original) (internal citations and quotations omitted).

Second, similar to Plaintiff's other constitutional claims, this proposed claim would also be barred by Maryland's three-year statute of limitations. (ECF No. 23, at 16). As noted in the previous opinion, the "statute of limitations begins when a plaintiff knows or has reason to know of his injury." (ECF No. 23, at 12) (*citing Wallace v. Kato,* 549 U.S. 384, 387 (2007). Plaintiff's new Due Process claim relies on the same operative facts as his previous federal and state constitutional claims — an alleged fabrication of a seatbelt violation by Defendants that was used unlawfully to arrest Plaintiff, seize evidence from his car, and prosecute him, depriving him on various instances of his liberty. The statute of limitations began as soon Plaintiff was aware of this alleged fabrication. Plaintiff has repeatedly asserted that he was wearing his seatbelt when he was pulled over by Defendants on June 23, 2009. Thus, he was aware of Defendants' alleged fabrication of his traffic violation and his injury (a deprivation of his rights) on either

12

June 23, 2009 — the day Defendants performed an allegedly illegal seizure of Plaintiff's property after they pulled him over for a fabricated seatbelt violation, or on June 24, 2009 — the day Plaintiff was arrested and imprisoned based on the alleged fabricated seatbelt violation. Plaintiff filed his complaint on April 8, 2013, more than three years after his claim accrued. Therefore, it is barred by the statute of limitations. As discussed below, Plaintiff's argument that this claim should not be barred because the limitations period should be equitably tolled is unpersuasive.

    **B.   Motion for Reconsideration**

Plaintiff also moved for reconsideration under Rules 59(e) and 60(b) of his state and federal constitutional claims (ECF No. 33, at 14), arguing that they should not be barred by the statute of limitations because they are subject to equitable tolling.

Because Plaintiff's motion was filed within 28 days of the court entering judgment it is governed by Fed.R.Civ.P. 59(e) rather than Rule 60(b), which governs motion for reconsideration filed more than 28 days after judgment. *See MLC Auto, LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Classen Immunotherapies, Inc. v. King Pharmaceuticals, Inc.*, 981 F.Supp.2d 415, 419 (D.Md. Oct. 31, 2013). Under Rule 59(e), a motion to alter or amend a final judgment may be granted only:

13

"(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

This court previously ruled that Plaintiff failed to offer any reason to justify tolling of the limitations period. (ECF No. 23, at 15). Plaintiff attempts to provide new facts in support of why the limitations period should be tolled, however, most of these facts were evident based on his original complaint. Plaintiff argues the court erred and that equitable tolling is required because Plaintiff: (1) is a *pro se* plaintiff, (2) has limited knowledge of the law, (3) is currently incarcerated, and (4) does not have regular access to computers and research materials. (ECF No. 25, at 3).

In *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003), the Fourth Circuit noted the limited application of the equitable tolling doctrine:

> Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir. 2001)(*quoting Harris* [*v. Hutchinson*], 209 F.3d [325,] 330 [(4th Cir. 2000)]). Accordingly, under our existing "extraordinary circumstances" test, [the petitioner] is only entitled to equitable tolling if he presents (1) extraordinary

14

>     circumstances, (2) beyond his control or
>     external to his own conduct, (3) that
>     prevented him from filing on time.

*Id.* (en banc), *cert. denied,* 541 U.S. 905 (2004).

Plaintiff argues that his *pro se* status and his lack of knowledge of the law qualify as "extraordinary circumstances" to toll the statute of limitations. He argues that he diligently pursued his rights and attempted to exhaust all of his judicial remedies. (ECF No. 33, at 14). Plaintiff's self-represented status and lack of knowledge of the law, however, are not the type of extraordinary circumstances to justify equitable tolling. *See Rouse,* 339 F.3d at 248–249 (holding that a party's incorrect interpretation of the Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations did not present extraordinary circumstances to warrant equitable tolling); *Smith v. McGinnis,* 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson,* 204 F.3d 168, 171–173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller,* 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Plaintiff also appears to argue that circumstances outside of his control — lack of access to legal resources while he was incarcerated — prevented him from

15

filing on time. This argument is unpersuasive, however, as the first complaint Plaintiff filed was filed within the three-year statute of limitations. Plaintiff filed a complaint in the Circuit Court for Montgomery County on October 4, 2011, which was well within the three-year limitations period. After the case was dismissed on February 13, 2012, Plaintiff could have timely refiled with an amended or new complaint, but instead waited until April 8, 2013 to refile. (ECF No. 33-1, at 1). The equitable tolling doctrine is not meant to allow plaintiffs to correct the insufficiencies in their timely filed complaints. *See Shailendra Kumar, P.A. v. Dhanda,* 426 Md. 185, 207 (2012) ("[I]f tolling were permitted [for procedurally defective motions], a plaintiff could, by filing a defective motions, 'effectively postpone the running of the statute [of limitations] for an indefinite period of time.'" (*quoting Walko Corp. v. Burger Chef Systems, Inc.,* 281 Md. 207 (1977)).

Plaintiff has failed to provide an "extraordinary circumstance" to justify tolling the statute of limitations. His motion for reconsideration of his federal and state constitutional claims is denied.

**III. Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration and leave to submit an amended complaint are denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
